## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**ARLENE LASTELLA**, an individual,

               Plaintiff,

v.

**OMEGA TITLE NAPLES, LLC**, a Florida limited liability company,

               Defendant.

**CIVIL ACTION**

**Case No.  2:19-cv-876**

**Judge:**

**Mag. Judge:**

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ARLENE LASTELLA** ("LaStella" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Florida common law for (1) unpaid minimum wage in violation of the FLSA, (2) retaliation in violation of the FLSA, and (3) unpaid wages under Florida common law.

### PARTIES

2.      Plaintiff, **ARLENE LASTELLA** ("**LASTELLA**" or "Plaintiff") is an individual and a resident of Florida who at all material times worked in Collier County, Florida and was employed by the Defendant.

3.      Defendant, **OMEGA TITLE NAPLES, LLC** ("**OMEGA**"), is a Florida limited liability company and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **OMEGA** is a title company and it has "offices located in the Southeastern and Northeastern United

States, Omega Title Group [and] can close anywhere in the state of Florida as well as Pennsylvania and New Jersey, either in one of our branch locations or through the help of our underwriters in all other states." It has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **OMEGA**'s employees are engaged in interstate commerce and their business model specifically caters to interstate real estate commerce. **OMEGA** collects monies, most of which is from out-of-state sources or financial institutions. **OMEGA** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **LASTELLA**. **OMEGA** supervised and controlled **LASTELLA**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **LASTELLA**. **OMEGA** maintains employment records of **LASTELLA**. **OMEGA** was the employer of **LASTELLA**.

4.     At all times relevant to the instant action, the Defendant **OMEGA** was **LASTELLA**'s employer within the meaning of the FLSA and under Florida common law.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.     This Court has supplemental jurisdiction over **LASTELLA**'s state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## **GENERAL ALLEGATIONS**

8.      For approximately 20-years, **LASTELLA** was the owner and proprietor of Dunn Title, which was purchased by the Defendant in 2016.

9.      Upon the sale of her business, **LASTELLA** was retained by the Defendant to work as an employee. She was then employed by the Defendant as an escrow officer and the parties agreed that she would work 3-days per week and would be paid a flat rate of $750.00 for each week she worked.

10.      Upon beginning her employment with the Defendant, **LASTELLA** executed an IRS Form W-4.

11.      **LASTELLA** always performed her assigned duties in a professional manner and was very well qualified for her position.

12.      **LASTELLA**'s employment was without incident until June 1, 2019.

13.      At that time, the Defendant suddenly demanded **LASTELLA** execute IRS Form W-9 and informed her that she was to start being paid as a 1099-employee.

14.      **LASTELLA** objected as she was an employee – not an independent contractor – but the Defendant informed her that she would <u>not</u> be paid at all unless she executed the W-9.

15.      **LASTELLA** continued to work for the Defendant but midway through June 2019, the Defendant stopped paying her wages.

16.      After June 1, 2019, the Defendant did not pay **LASTELLA** any wages at all, despite her repeated demands for the same.

17.      When the Defendant refused to pay her, and after working 5-weeks without any pay at all, **LASTELLA** was forced to resign her employment on July 5, 2019.

18.     **LASTELLA** was thus required by the Defendant to work without any compensation for her weeks of employment and the Defendant still has not paid her any wages.

19.     As a direct and proximate result of the Defendant's illegal nonpayment of wages, **LASTELLA** was constructively terminated by the Defendant.

## COUNT I: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGE

20.     The Plaintiff hereby incorporates Paragraphs 1-19 in this Count as though fully set forth herein.

21.     The Defendant was required by the FLSA to pay **LASTELLA** at least minimum wage for all hours worked by **LASTELLA**.

22.     The Defendant had operational control over all aspects of **LASTELLA**'s day-to-day functions during her employment, including compensation.

23.     The Defendant was **LASTELLA**'s "employer" and is liable for violations of the FLSA in this case.

24.     The Defendant violated the FLSA by failing to pay **LASTELLA** at least minimum wage for all hours worked each week from June 1, 2019 to July 5, 2019.

25.     As a result of the foregoing, **LASTELLA** has suffered damages of lost wages.

26.     The Defendant is the proximate cause of **LASTELLA**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION

27.     Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

28.     At all material times, **LASTELLA** was an employee and the Defendant was her employer.

29.     **LASTELLA** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that the Defendant was violating the FLSA by not paying her wages.

30.     The Defendant was aware of **LASTELLA**'s objection to the Defendant's violations of the FLSA.

31.     The Defendant subjected **LASTELLA** to adverse employment action – a constructive discharge – by virtue of its demand that **LASTELLA** work for no pay at all.

32.     The Defendant, in subjecting **LASTELLA** to adverse employment action, retaliated and discriminated against her because of complaints, objections and concerns raised by her to the Defendant.

33.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **LASTELLA** has lost the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

34.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, **LASTELLA** is entitled to all relief necessary to make her whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing this Defendants to cease and desist from all retaliation against employees who engage in speech protected by the FLSA;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Liquidated damages;

iv. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

vi. Declaratory relief declaring the acts and practice of the Defendant to be in violation of the statutes cited above;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## **COUNT III: COMMON LAW UNPAID WAGE CLAIM**

35. The Plaintiff hereby incorporate Paragraphs 1-19 in this Count as though fully set forth herein.

36. **LASTELLA** was an employee of **OMEGA**.

37. **OMEGA** was required to compensate **LASTELLA** at her regular rate of pay.

38. **OMEGA** had operational control over all aspects of the **LASTELLA**'s day-to-day functions during her employment, including compensation.

39. **OMEGA** failed to pay **LASTELLA** at least her regular rate of pay.

40.      **OMEGA** has willfully violated Florida law by refusing to pay **LASTELLA** her regular rate of pay for all hours worked by her.

41.      As a result of the foregoing, **LASTELLA** has suffered damages of lost wages.

42.      **OMEGA** is the proximate cause of **LASTELLA**'s damages.

**WHEREFORE,** Plaintiff pray that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## **JURY DEMAND**

**NOW COMES** the Plaintiff and hereby request a trial by jury on all issues triable by jury.

Respectfully submitted,


Dated: December 11, 2019          **s/ Benjamin H. Yormak**
                                  Benjamin H. Yormak
                                  Florida Bar Number 71272
                                  Trial Counsel for Plaintiff
                                  YORMAK EMPLOYMENT & DISABILITY LAW
                                  9990 Coconut Road
                                  Bonita Springs, Florida 34135
                                  Telephone: (239) 985-9691
                                  Fax: (239) 288-2534
                                  Email: byormak@yormaklaw.com